UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN and AMANDA MACK, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>     v.<br><br>HH GREGG, INC. and GREGG APPLIANCES, INC., d/b/a HH GREGG,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>) CASE NO. 1:08-cv-0664-DFH-WTL<br>)<br>)<br>)<br>)<br>)<br>) |

ENTRY ON MOTION FOR PRELIMINARY INJUNCTION

The court considered evidence and argument on plaintiffs' motion for preliminary injunction on August 21, 2008. At the conclusion of the hearing, the court denied the motion for reasons stated on the record. The court briefly summarizes those reasons here, though in the interests of time, the court intends for the transcript of its oral findings and conclusions to comply with the requirements of Rules 52 and 65 of the Federal Rules of Civil Procedure.

First, plaintiffs Ryan and Amanda Mack showed a reasonably likelihood of success on the merits of their breach of contract claim, based on the theory that defendants hhgregg, Inc. and Gregg Appliances, Inc. failed to install the dryer they purchased according to the manufacturer's specifications and warnings

concerning the material used for the dryer vent. Plaintiffs did not show a likelihood of success on the merits of any other claims.

Second, plaintiffs failed to show that they face an imminent threat of irreparable harm for which there is no adequate remedy at law. Plaintiffs could avoid any alleged risk by spending less than the federal civil filing fee to replace the existing vent and could then obtain adequate relief at law by a modest award of damages.

Third, plaintiffs' request for an injunction ordering defendants to stop installing dryers with flexible metal foil vents fails for two reasons. Defendants changed their practices and stopped installing metal foil vents more than a year before this lawsuit was even filed. In light of this voluntary change of course by defendants themselves, plaintiffs have not shown a reasonable prospect that defendants will return to its earlier practices. The court sees no need for this form of injunctive relief. See generally *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953) (affirming denial of injunctive relief based on possibility that defendant might return to prior practices: "the moving party must satisfy the court that relief is needed. The necessary determination is that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive."). In addition, this form of injunctive relief would not actually benefit the named plaintiffs, and no class has been certified at this point, as discussed below.

Fourth, plaintiffs' request for an injunction ordering defendants to identify customers who had dryers installed with metal foil vents and to send them notices of potential risks is not moot but fails for two different reasons. Plaintiffs did not present actual, admissible evidence that metal foil vents actually cause fires. Perhaps they will present such evidence in the future, but they have not done so yet. In addition, the Macks do not presently have standing to seek a notice to other customers because such relief will not benefit them. Because no plaintiff class has been certified at this point, "plaintiffs lack standing to seek – and the district court therefore lacks authority to grant – relief that benefits third parties." *McKenzie v. City of Chicago*, 118 F.3d 552, 555 (7th Cir. 1997) (reversing grant of injunctive relief that did not benefit named plaintiff where plaintiff class had not been certified). "A wrong done to plaintiff in the past does not authorize prospective, class-wide relief unless a class has been certified. Why else bother with class actions?" *Id.*, citing *Los Angeles v. Lyons*, 461 U.S. 95 (1983). Plaintiffs' equitable arguments to the effect that such an injunction is needed to protect the safety of persons who fall within the definition of the proposed class do not overcome this basic restriction on the power of courts to make the world a better place.

Accordingly, the court denied plaintiffs' motion for preliminary injunction.

Date: August 21, 2008

_David F. Hamilton_
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Thomas K. Caldwell
MADDOX HARGETT & CARUSO, PC
tkcaldwell@mhclaw.com

Sonia Chanda Das
LEWIS & WAGNER
sdas@lewiswagner.com

Stuart A. Davidson
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
sdavidson@csgrr.com

Anthony Marino Eleftheri
LEWIS WAGNER LLP
eleftheri@lewiswagner.com

Paul Jeffrey Geller
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
pgeller@csgrr.com

Thomas A. Hargett
MADDOX HARGETT & CARUSO, PC
tahargett@mhclaw.com

Timothy John Kirk
MADDOX HARGETT & CARUSO, PC
kirktjohn@mhclaw.com

David P. Meyer
DAVID P. MEYER & ASSOCIATES CO., LPA
dmeyer@dmlaws.com

Cullin A. O'Brien
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
cobrien@csgrr.com

Stephen J. Peters
HARRISON & MOBERLY
speters@h-mlaw.com

Kameelah Shaheed-Diallo
LEWIS WAGNER LLP
kshaheed-diallo@lewiswagner.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

Matthew Ryan Wilson
DAVID P. MEYER & ASSOCIATES
mwilson@dmlaws.com