UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN and AMANDA MACK, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CASE NO. 1:08-cv-0664-DFH-DML<br>)<br>) |
| HH GREGG, INC. and GREGG APPLIANCES, INC., d/b/a HH GREGG, | )<br>)<br>) |
| Defendants. | ) |

ENTRY ON MOTION TO STRIKE

Defendants have moved to strike portions of plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f), which provides in part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court denies the motion because defendants have not shown that Rule 12(f)'s high standard has been met.

*Factual Background*

Plaintiffs Ryan and Amanda Mack have filed a class action complaint against hhgregg, Inc., and Gregg Appliances, Inc. Dkt. No. 9. The Amended Complaint claims that hhgregg improperly installed clothes driers in the Macks' and other potential class members' homes. Specifically, plaintiffs claim that

hhgregg used the wrong type of drier exhaust tube when installing the driers. Am. Compl. ¶ 5. Plaintiffs claim that hhgregg's use of substandard exhaust tubes creates a substantial risk of fire and/or death. *Id.* ¶ 6. Plaintiffs sought a preliminary injunction, which the court denied. Dkt. No. 64. Plaintiffs claim that hhgregg breach its contract with them, and they seek damages or, alternatively, specific performance. In the alternative to their contract claims, plaintiffs plead claims for unjust enrichment and money had and received. Plaintiffs also seek permanent injunctive relief. Thus far, no class has been certified.

## *Discussion*

Rule 12(f) motions to strike are disfavored and infrequently granted by federal courts. 5C Charles Wright & Arthur Miller, Federal Practice and Procedure § 1380 (2004). While district courts have discretion to determine whether to grant motions to strike, "they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Id.* § 1382; see also *Baker v. Westinghouse Electric Corp.*, 830 F. Supp. 1161, 1168 (S.D. Ind. 1993), quoting *Abdulrahim v. Gene B. Glick Co.*, 612 F. Supp. 256, 260 (N.D. Ind. 1985) (motions to strike are granted only if language "has no possible relation to the controversy and is clearly prejudicial").

Defendants first wish to strike paragraphs 30, 31, and 32 as irrelevant and immaterial. Paragraph 30 contains statements from several third parties suggesting that rigid or semi-rigid metal drier exhaust tubes are safer than other drier tubes. Paragraph 31 contains a statistic from the U.S. Fire Administration suggesting that clothes driers cause many fires each year. Paragraph 32 contains clips from several news organizations with reports about drier fires. The defendants have not shown that the allegations in these paragraphs have no possible relation to the controversy. Plaintiffs seek not only damages for alleged past breaches of contract, but they also seek injunctive relief on behalf of themselves and thousands of others around the nation. Though some of the information contained in paragraphs 30, 31, and 32 may not relate to the named plaintiffs' drier, the studies and reports do possibly relate to installations that hhgregg could do in the future. Additionally, insofar as the allegations suggest that installation of improper drier exhausts can lead to drier fires, they have at least a tangential relation to the plaintiffs' claims. Finally, the defendants have not shown how paragraphs 30, 31, and 32 cause them substantial prejudice. The court does not routinely submit complaints to juries, so this would not be a mechanism for placing hearsay before the jury.

Defendants also urge the court to strike paragraph 29, which lists installation specifications for various models of driers. Defendants ask the court to strike the paragraph because the plaintiffs have not shown that they or any members of the putative class purchased a listed drier or that hhgregg sells any

-3-

of the listed driers. The paragraph will not be stricken because it bears a possible relation to the plaintiffs' claim that hhgregg did not comply with industry standards when installing driers. Additionally, at the pleading stage, the court does not have sufficient information to determine what types of driers hhgregg sells and has installed for other class members. Finally, defendants have not shown that paragraph 29 causes them prejudice.

Defendants also seek to strike the word "unlawful" in paragraphs 14, 68, and 79 as scandalous. "Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992). Defendants suggest that the word "unlawful" is ambiguous in this context. The word can refer to criminal wrongdoing, but it is not so limited. The word "unlawful" bears a possible relation to the controversy, and it does not cause sufficient prejudice to require the court to strike it.

### *Conclusion*

For the foregoing reasons, defendants' motion to strike (Dkt. No. 48) is denied.

Date: November 3, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Thomas K. Caldwell
MADDOX HARGETT & CARUSO, PC
tkcaldwell@mhclaw.com

Sonia Chanda Das
LEWIS WAGNER LLP
sdas@lewiswagner.com

Stuart A. Davidson
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
sdavidson@csgrr.com

Anthony Marino Eleftheri
LEWIS WAGNER LLP
eleftheri@lewiswagner.com

Paul Jeffrey Geller
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
pgeller@csgrr.com

Thomas A. Hargett
MADDOX HARGETT & CARUSO, PC
tahargett@mhclaw.com

Timothy John Kirk
MADDOX HARGETT & CARUSO, PC
kirktjohn@mhclaw.com

David P. Meyer
DAVID P. MEYER & ASSOCIATES CO., LPA
dmeyer@dmlaws.com

-6-

Cullin A. O'Brien
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
cobrien@csgrr.com

Stephen J. Peters
HARRISON & MOBERLY
speters@h-mlaw.com

Kameelah Shaheed-Diallo
LEWIS WAGNER LLP
kshaheed-diallo@lewiswagner.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

Matthew Ryan Wilson
DAVID P. MEYER & ASSOCIATES
mwilson@dmlaws.com