UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN MACK and ) | |
| AMANDA MACK, Individually and on ) | |
| Behalf of All Others Similarly Situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CASE NO: 1:08-cv-0664-LJM-DML |
| ) | |
| HH GREGG, INC. and ) | |
| GREGG APPLIANCES, INC. ) | |
| doing business as HHGREGG, ) | |
| ) | |
| Defendants. ) | |

# Order Granting Motion to Compel (Dkt. 109) and Denying Motion to Strike (Dkt. 114)

Plaintiffs Ryan and Amanda Mack ("Plaintiffs") filed this breach of contract action on May 21, 2008, alleging that the defendants (collectively referred to as "hhgregg"[1]) failed to install dryers according to installation warnings and/or manufacturer requirements. They seek to represent a class of similarly situated dryer purchasers. The plaintiffs served interrogatories and document requests on hhgregg, requesting identification of all people for whom hhgregg had installed various types of dryer vents. Hhgregg objected to providing all the information and documents requested. As a compromise, it agreed to produce to the plaintiffs a summary of its dryer installation invoices that would include the state of the sale, date of purchase, amount paid for delivery and installation, and the make and model of dryer purchased.

On September 16, 2009, hhgregg provided the plaintiffs this information in an 11,757-page summary in PDF format (the "Summary Document"). After receiving the Summary

---

[1] The defendants are hhgregg, Inc. and Gregg Appliances, Inc. d/b/a hhgregg.

Document, the plaintiffs found they were unable to edit and manage it because hhgregg had placed an electronic "lock" on it. As a result, the plaintiffs requested that hhgregg produce the Summary Document in its original format. Otherwise, the plaintiffs say, they will be required to retype nearly twelve thousand pages of data before they can manipulate (regroup, for example) the data.

Hhgregg has refused to produce the Summary Document in its original format. It asserts the plaintiffs' request for the Summary Document in its original format (1) is protected from discovery by the work product doctrine, (2) is not required because the parties never agreed to the format in which the information would be produced, and (3) would be unduly burdensome.

Hhgregg's work product argument is unpersuasive. Hhgregg asserts that the Summary Document and its format is work product because it was created after this suit was filed and for the purposes of litigation. Although it is true that the Federal Rules of Civil Procedure[2] generally protect information generated for the purposes of litigation, hhgregg voluntarily furnished the information at issue when it produced the Summary Document. Whether that information is unlocked (editable) as opposed to locked (uneditable), has no bearing on its status as work product. *See Nat'l Union Elec. Corp. v. Matsushita Elec. Indus. Co., Ltd.,* 494 F. Supp. 1257, 1260 (E.D. Pa. 1980) (holding that formatting is not work product). The plaintiffs are not asking for additional information beyond what hhgregg has already produced; this dispute is about a mechanical, not a qualitative difference.

Nor is the court persuaded by hhgregg's argument that production of the Summary Document in its original format would give the plaintiffs a free ride on hhgregg's preparation

---

[2] "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party of its representatives . . . ." Fed. R. Civ. P. 26(b)(3)(A).

work. Hhgregg willingly chose to compile and provide the summary as a compromise of a discovery dispute; it chose to do the work associated with its compilation in lieu of providing all the information and documents the plaintiffs had requested. And, as explained above, there is no substantive difference between the Summary Document as produced and the Summary Document in its original format. Finally, because the Summary Document in its original format is not protected by the work product doctrine, the plaintiffs need not show substantial need to obtain it.[3]

Hhgregg also argues that the plaintiffs cannot now ask for a different format because they did not specify at the outset the format in which the Summary Document was to be produced. The Federal Rules of Civil Procedure address the production of electronically stored information where parties do not indicate the format. It states that "if a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is *ordinarily maintained* or in a *reasonably usable* form or forms." Fed. R. Civ. P. 34(b)(2)(E)(ii) (emphasis added). Because the Summary Document is an electronic compilation hhgregg created from underlying data, it is not in the form in which it was originally maintained, and, in fact, hhgregg expressly chose not to produce it in that form. It therefore, absent some agreement to the contrary, should have been produced in a reasonably usable form. Here, hhgregg has electronically locked the Summary Document to prevent editing or manipulation. It is 11,757 pages long and contains approximately 600,000 individual sales of dryer installations. In order to rearrange the information or use copy and paste functions, the plaintiffs would need

---

[3] Documents and tangible things protected by the work product doctrine are discoverable if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii).

3

to retype the entire Summary Document. Hhgregg's deliberate choice to lock the Summary Document made it completely impractical for use.

Moreover, the plaintiffs did in fact specify in their first set of expedited requests for production that the producing party take no steps that would put electronically stored information in a less convenient format. (*See* Dkt. 32, #2). Although the requests were arguably superseded by the parties' compromise, that does not mean that the plaintiffs are foreclosed from raising this request after the production.

Finally, hhgregg argues that production of the Summary Document in its original format would be unduly burdensome. It maintains that the Summary Document is not a single document, but a compilation of over 35 separate documents. It claims that composing the Summary Document in its original format would require it to go back and remove information from those documents prepared in anticipation for this litigation and force hhgregg to redo the Summary Document completely. The court is skeptical. First, it is difficult to believe that removing other information and combining separate documents could be that burdensome. Second, it is hard to believe that hhgregg, which itself created the Summary Document and locked it, did not retain a copy for its own purposes that it could unlock. And most importantly, if it did not retain a document it could unlock, the only plausible motive for rendering the document useless *to itself* was to set up the very problem that has now arisen, allowing it to plead burdensomeness. If that is the case, hhgregg consciously and purposefully created its burden.

The motion to compel is GRANTED. Hhgregg shall produce, within 21 days of this Order, the Summary Document in its original format. Hhgregg's motion to strike portions of the plaintiffs' reply in support of their motion to compel (Dkt. 114) is DENIED. The arguments the plaintiffs raised in their reply brief were simply responsive to hhgregg's arguments.

So ORDERED.

Date: 01/29/2010

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Thomas K. Caldwell
MADDOX HARGETT & CARUSO, PC
tkcaldwell@mhclaw.com

Sonia Chanda Das
LEWIS & WAGNER
sdas@lewiswagner.com

Stuart A. Davidson
COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
sdavidson@csgrr.com

Anthony Marino Eleftheri
LEWIS WAGNER LLP
eleftheri@lewiswagner.com

Katherine E. Gavett
FERRARA FIORENZA LARRISON BARRETT &
REITZ, P.C.
kgavett@ferrarafirm.com

Paul Jeffrey Geller
COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
pgeller@csgrr.com

Thomas A. Hargett
MADDOX HARGETT & CARUSO, PC
tahargett@mhclaw.com

Timothy John Kirk
MADDOX HARGETT & CARUSO, PC
kirktjohn@mhclaw.com

David P. Meyer
DAVID P. MEYER & ASSOCIATES CO., LPA
dmeyer@dmlaws.com

Cullin A. O'Brien
COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
cobrien@csgrr.com

Stephen J. Peters
HARRISON & MOBERLY
speters@h-mlaw.com

Kameelah Shaheed-Diallo
LEWIS WAGNER LLP
kshaheed-diallo@lewiswagner.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

Matthew Ryan Wilson
DAVID P. MEYER & ASSOCIATES
mwilson@dmlaws.com